CC-97-684                                                    1

En el Tribunal Supremo de Puerto Rico

| TERESITA VAILLANT VALENCIANO Y OTROS Demandante-Peticionaria  V.  SANTANDER MORTGAGE CORPORATION  Recurrido | Certiorai  98TSPR172 |
|---|---|

Número del Caso: CC-97-0684

Abogados de la Parte Peticionaria: LIC. VICTOR M. RIVERA TORRES (RIVERA COLON, RIVERA TORRES & RIOS BERLY)

Abogados de la Parte Recurrida: LIC. JOSE G. BAREA FERNANDEZ (GONZALEZ OLIVER, CORREA CALZADA, COLLAZO SALAZAR, HERRENO & JIMENEZ)

Abogados de la Parte Interventora: LIC. LYDIA RIVERA MATOS (DEPARTAMENTO DE JUSTICIA)

Tribunal de Instancia: Superior, SALA DE SAN JUAN

Juez del Tribunal de Primera Instancia: Hon. WILFREDO ALICEA LOPEZ

Tribunal de Circuito de Apelaciones: SaN JUAN-III

Juez Ponente: Hon. GONZALEZ ROMAN

Panel integrado por su Presidenta, Jueza Ramos Buonomo y los Jueces González Román y Córdova Arone

Fecha: 12/29/1998

Materia: ACCION CIVIL

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Vaillant Valenciano y otros

    Demandantes-Peticionarios

          vs.                          CC-97-684     Certiorari

Santander Mortgage Corporation

    Demandado-Recurrido



Opinión del Tribunal emitida por el Juez Asociado señor CORRADA DEL RIO



San Juan, Puerto Rico, a 29 de diciembre de 1998.

I

Los demandantes, la señora Teresita Vaillant Valenciano y sus dos hijos, María Teresa Dávila Vaillant y Rafael Carlos Dávila Vaillant, presentaron el 23 de agosto de 1996 una acción contra los demandados, Santander Mortgage Corporation y otros, por incumplimiento de contrato de hipoteca, daños y perjuicios y fraude al tribunal entre otras. Los demandantes son copropietarios, en común proindiviso, de un inmueble sito en Puerto Rico el cual motiva el inicio del pleito entablado.[1] Ambos hijos de la señora Vaillant residen fuera de la isla.

---

[1] La señora Vaillant es dueña del 50% del inmueble y sus dos hijos son copropietarios de la otra mitad del mismo por partes iguales.

En septiembre de 1996, los demandados presentaron una "Moción Urgente Solicitando la Paralización de los Procedimientos al Amparo de la Regla 69.5 [...]"[2], mediante la cual solicitaron la imposición de una fianza de no residente a los codemandantes María Teresa Dávila Vaillant y Rafael Carlos Dávila Vaillant por la suma de cincuenta mil dólares ($50,000.00) a cada uno, así como la paralización de los procedimientos hasta tanto éstos no prestaran la misma. Los demandantes presentaron oposición a dicha moción el 25 de septiembre de 1996 en la que plantearon la inconstitucionalidad de la Regla.

Con el objeto de discutir las diversas mociones presentadas, el tribunal de instancia celebró una vista el 17 de octubre de 1996, luego de la cual le ordenó "a la parte demandante", mediante resolución y orden de 24 de diciembre de 1996, depositar la suma global de $10,000.00 en concepto de fianza de no residente dentro de un plazo de treinta (30) días.[3] Se reservó, sin embargo, el fallo en cuanto a la constitucionalidad de la regla.

---

[2] La Regla 69.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. R. 69.5, dispone:

> "Cuando el demandante residiere fuera de Puerto Rico o fuere una corporación extranjera, se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de abogados en que pudiere ser condenado. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste fianza adicional si se demostrare que la fianza original no es garantía suficiente, y se suspenderán los procedimientos en el pleito hasta que se hubiere prestado dicha fianza adicional.
>
> Transcurridos noventa (90) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que la misma se hubiere prestado, el tribunal ordenará la desestimación del pleito."

[3] Resolución y Orden del 24 de diciembre de 1996, notificada el 26 de diciembre de 1996. Véase Petición de certiorari, Ap. XV, págs. 91-92.

Posteriormente, mediante resolución del 22 de enero de 1997, notificada a las partes el 29 de enero de 1997, el foro de instancia sostuvo la constitucionalidad de la Regla 69.5 y reiteró su orden del 24 de diciembre de 1996. La parte demandada presentó moción de desestimación el 21 de febrero de 1997, por el incumplimiento de la parte demandante con la orden del 24 de diciembre de 1996.

El 28 de febrero de 1997, la parte demandante presentó recurso de certiorari ante el Tribunal de Circuito de Apelaciones solicitando la revisión de la determinación del tribunal de instancia. El mismo día, el foro de instancia dictó orden notificada el 4 de marzo de 1997, concediéndole diez (10) días a la parte demandante para que replicara a la moción de desestimación. **El 17 de marzo de 1997, dicha parte presentó una moción en auxilio de jurisdicción ante el Tribunal de Circuito de Apelaciones solicitando la paralización de los procedimientos en el caso hasta tanto se resolviera la petición de certiorari. Dicha moción fue declarada con lugar por el foro apelativo el mismo 17 de marzo y, como consecuencia, los efectos de las órdenes dictadas por el tribunal de instancia quedaron paralizados**.

Posteriormente, el 13 de marzo de 1997, el Tribunal de Circuito de Apelaciones le ordenó al Secretario de Justicia fijar su posición sobre la constitucionalidad de la Regla 69.5. Este compareció oportunamente mediante escrito presentado el 27 de mayo de 1997. Finalmente, el 20 de octubre de 1997, el Tribunal de Circuito de Apelaciones emitió sentencia denegando el auto de certiorari. Expuso que la regla impugnada no adolece de vicios de incons-titucionalidad y que la misma tampoco admite excepciones aún cuando uno de los codemandantes es residente en Puerto Rico.

Inconformes con esta determinación, los demandantes presentaron ante nos, el 18 de noviembre de 1997, una solicitud de

certiorari en la cual formulan los siguientes señalamientos de error:

A.    Erró el Tribunal de Circuito de Apelaciones al no declarar inconstitucional la Regla 69.5 de las de Procedimiento Civil de 1979.

B.    Erró el Tribunal de Circuito de Apelaciones al no declarar inconstitucional en su aplicación la Regla 69.5, de las de Procedimiento Civil de 1979, en una circunstancia de unos no residentes que acuden a Puerto Rico para defender sus intereses y propiedad, lo que violenta el derecho fundamental a viajar entre los Estados o Territorios, según garantizado por la Constitución Federal.

C.    Erró el Tribunal de Circuito de Apelaciones al no declarar inconstitucional en su aplicación la Regla 69.5, de las de Procedimiento Civil de 1979, por violentar el debido procedimiento de ley, al no conceder discreción al Tribunal, ni proveer criterio para la fijación o no de la fianza, como el monto de la misma.

D.    Erró el Tribunal de Circuito de Apelaciones al no determinar que el requisito de la fianza de no residente constituye una limitación o condición irrazonable impuesta por razón del ejercicio de un derecho constitucional violentando así la doctrina de las condiciones inconstitucionales.

E.    Erró el Tribunal de Circuito de Apelaciones al imponerle a los demandantes no residentes una fianza bajo la Regla 69.5, de las de Procedimiento Civil, en una causa de acción dirigida a proteger una propiedad, cuando uno de los codemandantes, dueño del 50% de la propiedad, es residente de Puerto Rico.

Pendiente la expedición del recurso, el 2 de febrero de 1998, la peticionaria acudió nuevamente ante nos mediante moción en auxilio de jurisdicción en la cual nos informó que, luego de que el Tribunal de Circuito de Apelaciones dictara sentencia confirmando la resolución de instancia, la parte demandada presentó ante este último foro una "Moción Reiterando Solicitud de Desestimación" a la que se opuso la peticionaria. El 18 de noviembre de 1997, el mismo día en que la peticionaria instó su recurso ante nos, el Tribunal de Primera Instancia le concedió a ésta quince (15) días para consignar la fianza, apercibiéndole que, de lo contrario, se dictaría sentencia desestimando la

demanda sin más citarle ni oírle. El 1ro de diciembre de 1997, la peticionaria radicó ante el Tribunal de Primera Instancia una "Moción de Reconsideración y en Solicitud para que se Paralize [sic] el Procedimiento Hasta Tanto el Tribunal Supremo se Expresase sobre la Solicitud de Certiorari". El 5 de diciembre de 1997, el tribunal de instancia notificó otra resolución concediéndole diez (10) días a la demandada para que replicara a la moción de reconsideración. Esta parte presentó "Moción en Cumplimiento de Orden" el 15 de diciembre de 1997.

Finalmente, el 22 de enero de 1998, el tribunal de instancia dictó sentencia desestimando la demanda e imponiendo a la parte demandante, aquí peticionaria, el pago de la suma de cinco mil ($5,000.00) dólares en concepto de honorarios de abogados.[4] Copia de la notificación de la Sentencia fue archivada en autos el día 27 de enero de 1998.

Así las cosas, el 9 de febrero de 1998 emitimos una resolución concediéndole a la parte recurrida un término de treinta (30) días, para que mostrara causa por la cual no debíamos revocar la sentencia emitida el 20 de octubre de 1997, por haberse requerido en ella una fianza improcedente o irrazonable, debido a que la demandante peticionaria es residente en Puerto Rico, y es co-propietaria, junto a sus dos hijos –los codemandantes no residentes– de una propiedad sita en Puerto Rico. Asimismo, se le ordenó a la recurrida mostrar causa por la cual no debamos, en

---

[4] Dicha sentencia reza de la siguiente forma:

"No habiendo la parte demandante depositado la fianza de no residente en los plazos concedidos, ni habiendo obtenido

continúa...

[4] continuación...

del Tribunal Supremo una orden en auxilio de jurisdicción, previa solicitud de la parte demandante, se dicta sentencia bajo la Regla 69.5 de Procedimiento Civil, desestimando la demanda."

auxilio de nuestra jurisdicción, dejar sin efecto la sentencia dictada por el tribunal de instancia el 22 de enero de 1998, toda vez que, conforme a la Regla 84(E) del Reglamento del Tribunal de Circuito de Apelaciones, la orden de paralización emitida por dicho foro apelativo el 17 de marzo de 1997 se mantenía en vigor al no haberse remitido el Mandato al tribunal de instancia de manera que pudiera continuar con los procedimientos. Habiendo comparecido oportunamente la parte recurrida, expedimos el auto de certiorari y resolvemos según lo intimado.

II

La Regla 69.5 de Procedimiento Civil, *supra,* exige que cuando "[...]el demandante residiere fuera de Puerto Rico ... se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de abogados en  que  pudiere

ser condenado." Si luego de noventa (90) días desde la notificación de la orden del tribunal para la prestación de la fianza, la misma no ha sido prestada, "[...]el tribunal ordenará la desestimación del pleito".

Esta regla tiene como objeto garantizar el pago de las costas, gastos y honorarios de abogado en aquellos litigios donde el demandante no reside en Puerto Rico. De no exigirse el pago de la fianza, el demandado podría afrontar serios inconvenientes al intentar recobrar dichas partidas fuera de nuestra jurisdicción. *Reyes Martínez v. Oriental Federal Savings Bank*, Op. de 7 de abril de 1993, 133 D.P.R. ___ (1993), 93 J.T.S. 50; *Pereira v. Reyes de Sims,* 126 D.P.R. 220, 223 (1990). La referida regla tiene además el propósito de desalentar aquellos litigios frívolos y carentes de mérito. *Reyes Martínez v. Oriental Federal Savings Bank, supra; Blatt & Udell v. Core Cell,* 110 D.P.R. 142 (1980).

En su discusión conjunta de los primeros dos señalamientos de error, la peticionaria plantea la inconstitucionalidad de la Regla 69.5 por violación al derecho que tiene todo ciudadano de los Estados Unidos a viajar dentro de sus fronteras. Sostiene la peticionaria que imponerle a los demandantes residentes en un estado de la Unión, la obligación de prestar una fianza para poder instar una acción ante los tribunales de justicia en Puerto Rico coarta dicho derecho. En su tercer señalamiento de error, la parte peticionaria impugna la constitucionalidad en la aplicación de la Regla 69.5, por violentar el debido proceso de ley, al no conceder discreción al Tribunal, ni proveer criterios para la fijación o no de la fianza, así como el monto de la misma. Igualmente aduce, en su cuarto señalamiento de error, que dicha obligación constituye una limitación o condición irrazonable en violación a la doctrina de condiciones inconstitucionales. No tiene razón.

Ciertamente, el derecho a viajar dentro del ámbito interestatal es un derecho fundamental que no puede ser coartado

directa y significativamente a menos que el estado produzca un interés apremiante y el medio utilizado para adelantar dicho interés sea el menos oneroso o el necesario. Véase *Shapiro v. Thompson,* 394 U.S. 618 (1969).

Sin embargo, la carga incidental sobre los desplazamientos interestatales que representa el pago de una fianza al demandante no residente, a lo sumo constituye una limitación mínima e indirecta a la libertad de viajar dentro del ámbito interestatal, lo cual no justifica la activación del escrutinio estricto en la exégesis constitucional del estatuto impugnado. *Hawes v. Club Ecuestre El Comandante,* 535 F.2d 140, 145 (1st. Cir. 1976); *Dunn v. Blumstein*, 405 U.S. 330, 340 (1972). Por consiguiente, en este caso sólo debemos utilizar el escrutinio de nexo racional (*i.e.* el interés del estado debe ser legítimo y debe existir un nexo racional entre el mismo y el medio utilizado para lograrlo) a los fines de determinar si la regla sobrevive el ataque constitucional.

Dentro de esta perspectiva metodológica, reiteramos lo expresado en *Reyes Martínez v. Oriental Federal Savings Bank, supra,* donde sostuvimos la constitucionalidad *prima facie* de la Regla 65.9 señalando que: "[d]etectamos intereses legítimos del estado al establecer la clasificación entre litigantes residentes y no resientes. **De su faz la clasificación no es arbitraria ni discriminatoria; ciertamente guarda una relación racional con los propósitos legítimos antes aludidos**." *Id.* pág. 10567. (Enfasis suplido).

En vista de lo anterior, concluimos que la Regla 65.9 no restringe irrazonablemente la libertad de viajar a los demás estados y territorios de la Unión, no violenta el debido procedimiento de ley ni constituye una condición inconstitucional.

III

En su último señalamiento de error la peticionaria argumenta que no procede la imposición de una fianza cuando uno de los codemandantes es residente en Puerto Rico y la causa de acción incoada va dirigida a proteger una propiedad de la cual éste es copropietario del cincuenta porciento (50%) de la misma.

Es incuestionable el carácter mandatorio de la fianza contemplada en la Regla 69.5, *supra,* ya que la misma es taxativa al señalar que "[c]uando el demandante residiere fuera de Puerto Rico ... **se le requerirá** para que preste fianza para garantizar las costas, gastos y honorarios de abogados en que pudiere ser condenado". (Enfasis suplido). Dicha regla dispone, además, que todos los procedimientos en el pleito ante el tribunal de instancia quedarán suspendidos hasta que se preste la fianza que no será menor de mil ($1,000) dólares. También requiere que de transcurrir noventa (90) días de la notificación de la orden para la prestación de la fianza sin que la misma se hubiera prestado, "[e]l tribunal ordenará la desestimación del pleito". *Id.*

Debemos resaltar el hecho de que el lenguaje utilizado en la referida regla acota totalmente la discreción del juez

sentenciador para eximir al <u>demandante no residente</u> del pago de la fianza.

Ahora bien, ¿procede la aplicación de la Regla 69.5 aún cuando el litigio se ha entablado para proteger una propiedad sita en Puerto Rico, uno de los codemandantes, **residente en Puerto Rico**, es dueño del cincuenta porciento (50%) de la propiedad que es poseída en común proindiviso por todos los demandantes, los demandantes no residentes son hijos de la demandante residente y los tres son dueños de la propiedad en cuestión? Concluimos que no.

Como expresamos anteriormente, la finalidad de una fianza de demandante no residente consiste en evitar los pleitos frívolos y garantizar el pago de las costas, gastos y honorarios de abogado a los que pudiere ser condenado el demandante que se encuentra fuera de nuestra jurisdicción. De lo contrario, el demandado podría enfrentar múltiples dificultades a la hora de intentar recuperar los mismos. Sin embargo, en este caso no se justifica la imposición de la fianza debido a que la demandante residente, quien es la propietaria mayoritaria del inmueble sito en esta jurisdicción, respondería solidariamente por las costas, gastos y honorarios de abogado.

Exigir la prestación de fianza de no residente bajo estas circunstancias le impondría a la parte demandante residente la injusta y onerosa obligación de prestar fianza como condición para litigar donde reside, ya que sus hijos no residentes son partes indispensables en el pleito por ser copropietarios del inmueble sito en Puerto Rico objeto del litigio. Resolvemos que bajo las circunstancias específicas de este caso es improcedente exigir la prestación de fianza a las partes demandantes. Erró pues, el tribunal de instancia al requerir el pago de fianza de no residente y al desestimar la demanda por no haberse prestado la misma.

IV

Finalmente, atendemos la segunda consideración expresada en nuestra resolución del 9 de febrero de 1998, al ordenarle a la recurrida que mostrara causa por la cual no procedía dejar sin efecto la sentencia del tribunal de instancia emitida el 20 de febrero de 1998. Mediante dicha sentencia se desestimó la demanda presentada por los peticionarios a pesar de que, conforme a la Regla 84(E) del Reglamento del Tribunal de Circuito de Apelaciones, la orden de paralización emitida el 17 de marzo de 1997 por dicho foro se mantenía en vigor por no haberse enviado el **mandato** al Tribunal de Primera Instancia que le permitiera continuar con los procedimientos.

La figura procesal del mandato se encuentra contemplada por la Regla 54.7 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 54.7, la cual reza de la siguiente manera:

> "Transcurridos diez (10) días laborables de haberse archivado en autos la notificación de la sentencia dictada por el Tribunal de Circuito de Apelaciones, el secretario de dicho tribunal devolverá el mandato a la sala del Tribunal de Primera Instancia que emitió la sentencia apelada o la orden o resolución recurrida, junto con todo el expediente original, cuando éste hubiere sido elevado, a menos que se haya concedido o esté pendiente de resolución una solicitud de reconsideración o a menos que el Tribunal de Circuito de Apelaciones o el Tribunal Supremo ordenen otra cosa."

Por otro lado, la Regla 84(E) del Reglamento del Tribunal de Circuito de Apelaciones dispone que:

> "Transcurridos diez (10) días laborables de haber advenido final y firme la decisión del Tribunal de Circuito de Apelaciones, el(la) Secretario(a) enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando éste haya sido elevado, a menos que se haya concedido una moción para que se retenga el mandato dentro de dicho término, o que de otro modo se ordenare por el Tribunal de Circuito de Apelaciones o por el Tribunal Supremo."[5]

---

[5] Aunque advertimos la discrepancia entre ambas reglas, no nos compete reconciliarlas en el caso de autos debido a que aquí el mandato nunca fue remitido al Tribunal de Primera Instancia. Sin embargo, esta falta de uniformidad ha sido comentada por el Lcdo. Rafael Hernández Colón, en su obra de *Derecho Procesal*

El mandato es la notificación oficial que le remite el foro apelativo al tribunal de inferior jerarquía para que se ejecute la sentencia dictada en apelación. Véase *Pueblo v. Tribunal de Distrito*, 97 D.P.R. 241 (1969); Wright, Miller & Cooper, *Federal Practice & Procedure:* Jurisdiction 2d sec. 3987, pág. 687.

En *Pueblo v. Tribunal de Distrito, supra,* pág. 246, expresamos:

> "El mandato es el medio oficial del que se vale el tribunal de apelación para comunicarle al tribunal apelado la disposición que se ha hecho de la sentencia objeto de revisión y de ordenarle el cumplimiento con los términos de la actuación del foro de superior jerarquía".

La remisión del mandato, luego de dictada la sentencia, tiene el efecto de ponerle punto final a los procedimientos del caso en revisión, removiéndolo de la jurisdicción del tribunal apelativo y devolviéndolo al foro de origen para que continúe con los

---

*Civil*, Michie of Puerto Rico, San Juan (1997), pág. 389:

> "La [Regla] 54.7, 1979, y la 84(E) [del Reglamento del Tribunal de Circuito de Apelaciones] están en conflicto en cuanto a la fecha en que debe remitirse el mandato al [Tribunal de Primera Instancia] o a la agencia correspon-diente. La [Regla] 54.7, 1979, dispone la remisión del mandato una vez [han] transcurrido [diez] 10 días laborables de haberse archivado en autos la notificación de la sentencia, dictada por el [Tribunal de Circuito de Apelaciones]. La [Regla] 84(E) [...] dispone que esto se hará, transcurridos [diez] 10 días laborables **luego de haber advenido final y firme la decisión del [Tribunal de Circuito de Apelaciones].**
>
> La [Regla] 84(E) [...] tiene mucho más sentido y debe prevalecer. Lo dispuesto en la [Regla] 54.7, 1979, obligaría a la remisión del mandato antes de vencer los términos para radicar una moción de reconsideración ante el [Tribunal de Circuito de Apelaciones] o para recurrir ante el [Tribunal Supremo]. Es precisamente el vencimiento de esos términos lo que le da el carácter de finalidad y firmeza a la decisión del [Tribunal de Circuito de Apelaciones], y es este carácter el que da lugar a la [remisión] del mandato para que el Tribunal de Primera Instancia o la agencia correspondiente actúe de conformidad."

procedimientos.  Véase *U.S. v. Rivera,* 844 F2d 916 (2d Cir. 1988); *Oster v. U.S.*, 584 F.2d 594, 598 (2d Cir. 1978); 2A *Fed. Proc., L.Ed.* Sec. 3:932. Cuando se ha instado un recurso de apelación, se ha expedido un auto de certiorari –o como en el caso de autos, se ha dictado una orden de paralización de los procedimientos antes de su expedición– el caso permanecerá bajo la jurisdicción del tribunal apelativo hasta tanto el mandato no haya sido emitido por la secretaría luego de dictada la sentencia correspondiente. Por consiguiente, el foro recurrido se encuentra impedido para actuar sobre aquellas controversias contenidas en el recurso de revisión y, en consecuencia, cualquier determinación adelantada por el foro inferior antes de recibir el mandato es **<u>nula</u>** por carecer de jurisdicción sobre la materia. Véase *In re Thorp,* 655 F2d 997 (9th Cir. 1981) y Wright, Miller & Cooper, *supra,* sec. 3987, pág. 688.

En el caso de autos, los procedimientos ante el tribunal de instancia fueron paralizados por el Tribunal de Circuito de Apelaciones mediante resolución dictada el 17 de marzo de 1997, acogiendo la moción en auxilio de jurisdicción presentada por los demandantes–peticionarios.  A partir de dicha fecha, la sala sentenciadora perdió jurisdicción para entender en el caso y la misma pasó al foro apelativo.  Así pues, cuando éste denegó la expedición del auto de certiorari en su sentencia del 20 de octubre de 1997, el tribunal de instancia estaba aún impedido de actuar hasta tanto no hubiese sido remitido el mandato autorizándole a continuar los procedimientos. De los autos originales ante el Tribunal de Circuito de Apelaciones surge que el mandato no había sido enviado aún al foro de inferior jerarquía, por lo que la sentencia desestimando la demanda dictada el 22 de enero de 1998 por el Tribunal de Primera Instancia, es nula por carecer dicho tribunal de jurisdicción para actuar en el caso de autos.

Se dictará sentencia de conformidad.

BALTASAR CORRADA DEL RIO
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Vaillant Valenciano y otros

    Demandantes-Peticionarios

       vs.                          CC-97-684     Certiorari

Santander Mortgage Corporation

    Demandado-Recurrido

SENTENCIA

San Juan, Puerto Rico, a 29 de diciembre de 1998.

      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente, se dicta Sentencia revocando la dictada por el Tribunal de Circuito de Apelaciones el 20 de octubre de 1997 así como la emitida por el Tribunal de Primera Instancia el 22 de enero de 1998. Se reinstalará la demanda y continuarán los procedimientos conforme a lo aquí resuelto.

      Lo pronunció y manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Fuster Berlingeri concurren con el resultado sin opinión escrita. El Juez Asociado señor Negrón García disiente sin opinión escrita.

                         Carmen E. Cruz Rivera
                    Subsecretaria del Tribunal Supremo