OPINIÓN CONCURRENTE DEL
JUEZ RODRÍGUEZ MUÑIZ
- 2007 DTA 12
San Juan, Puerto Rico, a 6 de diciembre de 2006
I
El 8 de junio de 2004, Restaurant Flor de Mayo, Inc. (Flor de Mayo) presentó una demanda de desahucio contra Jian Chang Wu (Chang Wu) quien, alegadamente, ocupa en precario un local propiedad del primero.
Chang Wu le informó al Tribunal de Instancia que entre las partes existía un pleito civil ordinario en el que éste le estaba reclamando a Flor de Mayo y al anterior dueño del local, el cumplimiento específico del contrato de arrendamiento por quince (15) años que había suscrito con este último. Por tal razón, el 21 de julio de 2004, el Tribunal emitió sentencia desestimando la demanda, sin perjuicio de que Flor de Mayo, de prevalecer, promoviera entonces la acción de desahucio.
Inconforme con la sentencia que desestimó su demanda de desahucio, el 1 de septiembre de 2004, flor de Mayo presentó su primer recurso de apelación ante el Tribunal de Apelaciones, KLAN-04-01036. Otro panel de Jueces de este tribunal revocó la sentencia apelada el 25 de octubre de 2004 y ordenó la continuación del proceso de desahucio. También consignó que lo procedente era que se señalara prontamente la vista de la segunda (2da) comparecencia. La sentencia revocatoria fue notificada el 3 de noviembre de 2004.
El 17 de noviembre de 2004, Chang Wu solicitó reconsideración la cual fue declarada no ha lugar por el Tribunal de Apelaciones el 30 de noviembre de 2004, notificada el 16 de diciembre de 2004.
Mediante moción suscrita el 30 de noviembre de 2004, Flor de Mayo solicitó al Tribunal de Instancia señalamiento de la vista sobre segunda comparecencia. El 12 de diciembre de ese mismo año, Chang Wu se opuso a lo solicitado debido a que el Tribunal no tenía jurisdicción por haber quedado “suspendidos” los procedimientos al presentarse el recurso apelativo el 1 de septiembre de 2004.
Mediante moción fechada el 7 de enero de 2005, Flor de Mayo volvió a solicitar señalamiento de la vista sobre segunda comparecencia, pues el Tribunal de Apelaciones declaró no ha lugar la reconsideración presentada por Chang Wu.
El 12 de enero de 2005, Chang Wu suscribió oposición mediante la cual le informó al Tribunal de Instancia que habiendo sido archivada en autos el 16 de diciembre de 2004 la resolución del Tribunal de Apelaciones que resolvió no ha lugar su solicitud de reconsideración, tenía hasta el 17 de enero de 2005 para acudir ante el *724 Tribunal Supremo a revisar la misma. Añadió, que por lo antes expuesto, el Tribunal de Instancia no tenía jurisdicción para señalar vista alguna.
Mientras todo lo anterior ocurría, ya el Tribunal de Instancia había emitido el 22 de diciembre de 2004 una Orden que leía: “El Tribunal de Apelaciones dictó Sentencia el 25 de octubre de 2004, notificada el 3 de noviembre de 2004. En ausencia de notificación de reconsideración ante dicho foro, se señala Vista de Segunda Comparecencia para el 10 de febrero de 2005, a las 9:00 A.M.” Apéndice del recurso, pág. 100. La misma, sin embargo, se notificó a las partes el 13 de enero de 2005.
El 18 de enero de 2005, Chang Wu efectivamente presentó recurso de Certiorari al Tribunal Supremo de Puerto Rico.
El 10 de febrero de 2005, el Tribunal de Instancia celebró la segunda comparecencia y el 4 de abril de ese año, notificada el 5 de mayo, emitió una segunda sentencia en la cual decretó con lugar la acción de desahucio presentada por Flor de Mayo.
El 22 de abril de 2005, el Tribunal Supremo declaró no ha lugar el recurso de certiorari presentado por Chang Wu y el 27 de mayo de 2006 resolvió de igual manera la reconsideración presentada.
Mediante moción suscrita el 12 de mayo de 2005, Chang Wu solicitó determinaciones de hechos, conclusiones de derecho y reconsideración ante el Tribunal de Instancia. La moción fue declarada no ha lugar el 26 de mayo de 2005, notificada el 1 de junio de 2005.
El 6 de junio de 2005, el Tribunal Supremo notificó el mandato al Tribunal de Apelaciones y el 9 de junio de 2005, el Tribunal de Apelaciones remitió su mandato al Tribunal de Instancia.
II
De la anterior relación del caso surge que mediante sentencia notificada el 3 de noviembre de 2004, el Tribunal de Apelaciones ordenó continuar los procedimientos en el caso de desahucio presentado en el Tribunal de Instancia y el 16 de diciembre de 2004 notificó la resolución declarando no ha lugar la solicitud de reconsideración presentada.
A pesar de no haber recibido mandato alguno, el Tribunal de Primera Instancia hizo caso omiso a la alegación de Chang Wu de que estaba actuando sin jurisdicción en el caso y celebró la segunda comparecencia el 10 de febrero de 2005. El foro de instancia tenía conocimiento también de que Chang Wu había presentado, veintitrés (23) días antes, un recurso de certiorari ante el Tribunal Supremo para revisar la sentencia emitida por el Tribunal de Apelaciones.
Surge además que el Tribunal de Instancia emitió sentencia declarando con lugar el desahucio solicitado por Flor de Mayo, sin haber recibido mandato alguno del Tribunal de Apelaciones. De hecho, el Tribunal Supremo declaró no ha lugar la reconsideración presentada por Chang Wu, veintidós (22) días después de que el Tribunal de Instancia notificó su sentencia.
El mandato del Tribunal Supremo se notificó al Tribunal de Apelaciones el 6 de junio de 2005, es decir, un (1) mes y dos (2) días después de que el Tribunal de Instancia notificó su sentencia.
El mandato del Tribunal de Apelaciones se notificó al Tribunal de Instancia el 9 de junio de 2005, es decir, un (1) mes y cinco (5) días después de que el Tribunal de Instancia notificó su sentencia.
*725 Ill
Continuamos el relato procesal del caso que interrumpimos en la parte II de esta opinión para insertar un breve resumen de lo hasta allí sucedido.
A la moción presentada por Chang Wu el 12 de mayo de 2005 solicitando determinaciones de hechos adicionales, conclusiones de derecho y reconsideración, el Tribunal de Instancia, como señaláramos anteriormente, la declaró no ha lugar el 26 de mayo de 2005, notificada el 1 de junio de 2005.
El 29 de junio de 2005, Chang Wu presentó una apelación ante el Tribunal de Apelaciones, KLAN-05-00766, donde alegó entre otros errores que el Tribunal de Instancia actuó sin jurisdicción al emitir su segunda sentencia del 4 de abril de 2005.
El 26 de agosto de 2005, notificada el 1 de septiembre de ese año, el Tribunal de Apelaciones desestimó el recurso por falta de jurisdicción por no haberse presentado la fianza requerida al apelar en un caso de desahucio.
El 22 de septiembre de 2005, el Tribunal de Apelaciones notificó su decisión declarando no ha lugar la reconsideración presentada por Chang Wu el 16 de septiembre de 2005.
El 22 de octubre de 2005, Chang Wu presentó recurso de Certiorari al Tribunal Supremo imputándole al Tribunal de Apelaciones haber errado al: 1) desestimar por falta de jurisdicción la apelación, KLAN-05-00766; 2) no resolver que el Tribunal de Instancia actuó sin jurisdicción a pesar de que Chang Wu le llamó la atención sobre el asunto; 3)... y 4)...
El 24 de octubre de 2005, Chang Wu presentó ante el Tribunal de Instancia una solicitud de relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil. Alegó que dicho foro actuó sin jurisdicción al celebrar la segunda comparecencia el 10 de febrero de 2005 y al emitir la correspondiente sentencia. Ello, por cuanto los procedimientos en instancia quedaron paralizados al presentar su primera apelación ante el Tribunal de Apelaciones el 1 de septiembre de 2004 y hasta que se recibió el mandato de ese Tribunal (el cual fue notificado el 9 de junio de 2005).
El 7 de diciembre de 2005, notificada el 20 del mismo mes y año, el Tribunal de Instancia resolvió “Ha Lugar” la moción de relevo de sentencia bajo el fundamento de que la sentencia emitida por el Tribunal de Instancia el 4 de abril de 2005, notificada el 5 de mayo de 2005, no tenía validez por cuanto al momento de emitirse no se había recibido el mandato del Tribunal de Apelaciones. Por esa razón, el Tribunal de Instancia entendió que estaba impedido de continuar los procedimientos en el caso, entiéndase celebrar la vista sobre segunda comparecencia, según ordenó el Tribunal de Apelaciones en su sentencia emitida el 25 de octubre de 2004.
El 5 de enero de 2006, Flor de Mayo presentó su segundo recurso, esta vez un certiorari (KLCE-06-00013). Solicitó que revisáramos la determinación del Tribunal de Instancia de acoger la solicitud de relevo de sentencia y relevar a Chang Wu de los efectos de la misma.
El 10 de febrero de 2006, el Tribunal Supremo denegó el certiorari presentado por Chang Wu el 22 de octubre de 2005, en el caso KLAN-2005-00766. Ese caso, repetimos, había sido desestimado por el Tribunal de Apelaciones por no haberse prestado la fianza requerida para poder presentar una apelación en ciertos casos de desahucio.
IV
A nuestro entender, al denegar la expedición del Certiorari relacionado con el caso KLAN-2005-00766, el Tribunal Supremo decidió no revisar la sentencia emitida por el Tribunal de Apelaciones que resolvió *726 únicamente desestimar la apelación presentada por Chang Wu por no haber presentado la fianza en apelación que requiere el Artículo 631 del Código de Enjuiciamiento Civil.
Nada pudo haber resuelto el Tribunal Supremo sobre la decisión del Tribunal de Instancia de dejar sin efecto su sentencia emitida el 4 de abril de 2005, pues esa decisión fue tomada por dicho foro el 7 de diciembre de 2005, es decir, cuarenta y siete (47) días después de haberse presentado el Certiorari CC-05-1002 ante nuestro más alto Tribunal.
V
Aclarado ese asunto, nos corresponde resolver por primera vez, lo alegado por Flor de Mayo en este recurso de Certiorari, KLCE-2006-00013, a los efectos de que: “Erró el Tribunal de Primera Instancia al ordenar el relevo de la Sentencia dictada el día 4 de abril de 2005,” Certiorari, pág. 7.
Exponemos, citando lo resuelto en Vaillant v. Santander, 147 D.P.R. 338, 350-351 (1998), citas omitidas:

“El mandato es la notificación oficial que le remite el foro apelativo al tribunal de inferior jerarquía para que se ejecute la sentencia dictada en apelación.

El mandato es el medio oficial del que se vale el tribunal de apelación para comunicarle al tribunal apelado la disposición que se ha hecho de la sentencia objeto de revisión y de ordenarle el cumplimiento con los términos de la actuación del foro de superior jerarquía. ”

La revisión del mandato, luego de dictada la sentencia, tiene el efecto de ponerle punto final a los procedimientos del caso en revisión, removiéndolo de la jurisdicción del tribunal apelativo y devolviéndolo al foro de origen para que continúe con los procedimientos. Cuando se ha instado un recurso de apelación..., el caso permanecerá bajo la jurisdicción del tribunal apelativo hasta tanto el mandato no haya sido emitido por la secretaría luego de dictada la sentencia correspondiente. Por consiguiente, el foro recurrido se encuentra impedido para actuar sobre aquellas controversias contenidas en el recurso de revisión y, en consecuencia, cualquier determinación adelantada por el foro inferior antes de recibir el mandato es nula por carecer de jurisdicción sobre la materia.
La discreción que tiene un tribunal, al amparo de la Regla 49.2 de Procedimiento Civil, para relevar a una parte de los efectos de una sentencia resulta inaplicable cuando se trata de una sentencia que es “nula”; si es nula, no hay discreción para el relevo, hay obligación de decretarla nula. Montañez v. Policía de Puerto Rico, 150 D.P.R. 917, 922 (2000).
VI
En el caso de autos, los procedimientos ante el Tribunal de Instancia fueron paralizados automáticamente al presentarse el recurso de apelación KLAN-2004-01036 el 1 de mayo de 2004. A partir de dicha fecha, la sala sentenciadora perdió jurisdicción para entender en el caso y ésta pasó a este Tribunal de Apelaciones.
Cuando el otro panel de Jueces de este Tribunal emitió y notificó su sentencia de 25 de octubre de 2004, mediante la cual revocó la sentencia de instancia y ordenó la continuación del proceso de desahucio, el Tribunal de Instancia continuaba sin jurisdicción. En consecuencia, estaba impedido de actuar hasta tanto no hubiese sido remitido el mandato que lo autorizaba a continuar los procedimientos, como correctamente alegó Flor de Mayo ante dicho foro.
De los autos surge que al momento de celebrar la vista de segunda comparecencia y al emitir su sentencia, el Tribunal de Instancia actuó sin que se hubiese enviado el mandato del Tribunal de Apelaciones. En consecuencia, el dictamen emitido es nulo por carecer el Tribunal en ese momento de jurisdicción para actuar en el caso de *727 autos.
VII
Por los fundamentos antes expuestos, concurro con el resultado de expedir el auto solicitado y confirmar la resolución recurrida que declaró con lugar la moción de relevo de sentencia presentada por Chang Wu.
CARLOS RODRÍGUEZ MUÑIZ
Juez de Apelaciones
ESCOLIOS OPINIÓN CONCURRENTE DEL JUEZ RODRÍGUEZ MUÑIZ - 2007 DTA 12
1. Como señalamos en la página número dos (2) de esta opinión, Chang Wu solicitó reconsideración el 17 de noviembre de 2004. La misma fue declarada no ha lugar el 30 de noviembre de 2004, notificada el 16 de diciembre de 2004.
2. A la que hicimos referencia en la página cuatro (4) de esta opinión.