Opinión disidente emitida por la
Jueza Presidenta Señora Fiol Matta.
Disiento de la decisión que hoy toma este Tribunal pues, al acelerar el cauce apelativo de este caso, relega a un segundo plano una controversia jurisdiccional, las nociones básicas de economía procesal y el derecho al debido proceso de ley de una de las partes.
I
Doral Financial Corporation y sus subsidiarias (Doral) presentaron una demanda en el Tribunal de Primera Instancia contra el Estado Libre Asociado de Puerto Rico (ELA). Alegó que el Departamento de Hacienda de Puerto Rico dejó sin efecto un contrato otorgado en el 2012 y solicitó que se examinara la validez de esa determinación. Ese mismo día, Doral acudió a este Tribunal mediante un recurso de certificación intrajurisdiccional. Nos negamos a atender el recurso. Sin embargo, una mayoría de este Tribunal expresó en la Resolución que era conveniente y necesario que el Tribunal de Primera Instancia celebrara una vista evidenciaría en o antes del 12 de junio de 2014 y, *435 como mínimo, resolviera el caso en o antes del 26 de junio de 2014.(1)
El Tribunal de Primera Instancia emitió una sentencia parcial en la que se declaró sin jurisdicción para atender la controversia. Inconforme, Doral acudió al foro apelativo. Paralelamente, presentó otro recurso de certificación intrajurisdiccional ante este Tribunal. Nuevamente, nos negamos a atender el recurso a la vez que instamos al foro apelativo a disponer del recurso en o antes del 26 de junio de 2014.(2) El 1 de julio de 2014, el foro apelativo emitió una sentencia en la cual concluyó que el Tribunal de Primera Instancia había errado al desestimar la demanda. Resolvió que el foro primario tiene jurisdicción para atender la controversia y devolvió el caso para la continuación de los procedimientos.
El 3 de julio de 2014, el ELA solicitó la reconsideración de esa determinación, la cual fue denegada por el foro apelativo en su Resolución de 7 de julio. Ese mismo día, Doral compareció ante el Tribunal de Apelaciones mediante una Moción Urgente y Auxilio de Jurisdicción. Informó que el 3 de julio había acudido al Tribunal de Primera Instancia para solicitar que dicho foro actuara sobre el caso y que el tribunal había resuelto que la petición era prematura, pues no había recibido el mandato del Tribunal de Apelaciones. Por ello, Doral solicitó al tribunal apelativo que enviara el mandato y ordenara que el foro primario considerara la moción que había presentado o, en la alternativa, que fijara fecha para una vista evidenciaría. El Estado se opuso a esa solicitud. El 9 de julio de 2014, el Tri *436 bunal de Apelaciones denegó la solicitud de Doral. Señaló que no tenía autoridad en ley para conceder lo solicitado pues su reglamento establece cuándo se devolverá el mandato y el ELA cuenta con un término jurisdiccional de 60 días para solicitar la revisión de la sentencia recurrida.
Inconforme con esa determinación, Doral presentó a este Tribunal una petición de certiorari y una moción en auxilio de jurisdicción. Argumentó que “el Tribunal de Apelaciones debió expedir el mandato y ordenar un calendario expedito para preservar la jurisdicción del foro judicial ante la gran probabilidad de que la controversia de autos se convierta en académica por el mero transcurso del tiempo”.(3) Por ello, nos solicitó que ordenáramos la continuación inmediata de los procedimientos ante el foro primario en conformidad con la Sentencia del Tribunal de Apelaciones de 1 de julio de 2014. Debemos, pues, determinar si se puede preterir el término reglamentario dispuesto para la devolución del mandato y, con ello, privar al ELA de la oportunidad de recurrir de la sentencia del Tribunal de Apelaciones.
II
Mediante el mandato, un foro apelativo le comunica al tribunal apelado su decisión, le imparte instrucciones y le devuelve el expediente original del caso.(4) Este escrito representa el final de los procesos en revisión, la remoción del caso de la jurisdicción del tribunal apelativo y su devolución al foro de origen para la continuación de los procedimientos.(5) Es un trámite necesario para que el foro recurrido recupere su jurisdicción, ya que “[u]na vez se paralizan los procedimientos en el foro de instancia, éste *437 pierde su jurisdicción para continuar atendiendo los asuntos relacionados a las controversias planteadas”.(6) Para recobrar la facultad de continuar con los procedimientos es necesario que el foro apelativo le envíe el mandato.(7) De lo contrario, cualquier actuación "sobre aquellas controversias contenidas en el recurso de revisión y, en consecuencia, cualquier determinación adelantada por el foro inferior antes de recibir el mandato es nula por carecer de jurisdicción sobre la materia”.(8)
El Reglamento del Tribunal de Apelaciones y el de este Tribunal establecen el momento en que se debe devolver el mandato. La Regla 84(E) del Reglamento del Tribunal de Apelaciones(9) indica que dicho foro deberá hacerlo una vez hayan transcurridos 10 días laborables desde que su decisión advenga final y firme. El lenguaje es categórico y no confiere al Tribunal discreción alguna para acortar el término.(10)
Una sentencia es final una vez se registra y se archiva en autos copia de su notificación.(11) Se torna firme con el trascurso del tiempo, específicamente una vez transcurre el término para solicitar reconsideración o apelar sin que se hayan presentado dichos recursos, o cuando concluye por completo el proceso apelativo.(12)
Por otro lado, la Regla 52.2 de Procedimiento Civil dis-pone un término de 60 días, contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida, para que el ELA pueda solicitar revisión discrecional de las sentencias o resoluciones del Tribunal de Apela *438 dones que son dictadas en recursos de apelación.(13) Este término es jurisdiccional.
En este caso, la sentencia del foro apelativo es final pero no es firme, pues no han transcurrido aún los 60 días concedidos por ley al ELA para recurrir a este Tribunal mediante el recurso discrecional de certiorari. Por eso, el foro apelativo estaba impedido de enviar el mandato al Tribunal de Primera Instancia. Como ya mencionamos, la Regla 84(E) del Reglamento del Tribunal de Apelaciones, supra, indica que dicho foro deberá enviar sus mandatos luego de haber transcurrido 10 días laborables de haber advenido final y firme su decisión. El Tribunal de Apelaciones no tiene discreción para alterar ese término. Por lo tanto, la Resolución que emitió el 9 de julio de 2014 negándose a devolver el mandato al foro primario fue correcta. Por otra parte, es incuestionable que el foro apelativo actuó con la diligencia requerida.
La Sentencia que hoy emite este Tribunal no discute ni concluye nada sobre la determinación del Tribunal de Apelaciones en lo concerniente a la devolución del mandato. Por el contrario, deja en suspenso este planteamiento de error y acoge el argumento alternativo de Doral de que el foro apelativo erró al no ordenar que el foro de instancia llevara a cabo un trámite expedito en el presente caso. En ese sentido, la Sentencia concluye que el Tribunal de Apelaciones podía ordenar la continuación de los procedimientos en el Tribunal de Primera Instancia mediante una or-den provisional, amparada en la Regla 52.3 de Procedimiento Civil(14) y la Regla 18 del Reglamento del Tribunal de Apelaciones.(15) El examen de estas disposiciones revela lo incorrecto de esta conclusión.
*439 La Regla 52.3, supra,(16) dispone que
[u]na vez presentado el escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión involucrada en el mismo no comprendida en la apelación. Disponiéndose, que no se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia disponga la venta de bienes susceptibles de pérdida o deterioro, en cuyo caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia. (Énfasis suplido).
En primer lugar, esta regla se refiere a lo que ocurre cuando se presenta el escrito de apelación en el Tribunal de Apelaciones. La regla general es que, en ese momento, los procedimientos ante el foro inferior se suspenden a menos que el tribunal apelativo ordene que los mismos continúen. La regla no se refiere a lo que ocurre después que el Tribunal de Apelaciones notifica su determinación, como ocurrió en este caso.
En segundo lugar, no podemos olvidar que en este caso el Tribunal de Primera Instancia se declaró sin jurisdicción para atender la controversia. Es decir, no hay procedimiento alguno en dicho foro hasta tanto el Tribunal de Apelaciones devuelva el mandato, lo cual no procedía, de acuerdo a las disposiciones de su reglamento. Precisamente, el error principal de la Sentencia que hoy se certifica es ordenar que los procedimientos en el Tribunal de Primera Instancia continúen sin que se haya devuelto el mandato. Al hacerlo, la mayoría obvia el que la controversia apelada es, precisamente, sobre la jurisdicción del Tri *440 bunal de Primera Instancia para atender el caso, por ausencia de mandato.
Hemos reiterado en innumerables ocasiones que los tribunales somos custodios de nuestra propia jurisdicción.(17) Esto quiere decir que antes de considerar siquiera los méritos de un caso, “los tribunales debemos examinar si tenemos facultad para ello. Así, la correcta adjudicación de una controversia requiere que los tribunales consideremos, como cuestión de umbral, si la ley avala el ejercicio de nuestra jurisdicción”. (Enfasis suplido).(18)
Es por eso que la decisión que hoy adopta una mayoría de los miembros de este Tribunal es contraria a derecho. Además, ordenar que el foro primario continúe con los procedimientos sin que se haya determinado mediante sentencia final y firme que el tribunal tiene jurisdicción, es contrario a las nociones básicas de economía procesal y puede dar la impresión de que se ha prejuzgado la controversia.
Por todo lo anterior, denegaría el recurso de epígrafe. Al no ser esta la decisión del Tribunal, disiento.

 Doral et al. v. ELA et al. I, 191 DPR 95 (2014). En esa ocasión señalé que estaba conforme con denegar el recurso de certificación intrajurisdiccional, pues la controversia debía ser resuelta por el Tribunal de Primera Instancia con premura y diligencia. No obstante, señalé que me parecía innecesario sugerir a dicho foro un término particular para la resolución del caso.

 Véase Doral et al. v. ELA et al. II, 191 DPR 190 (2014). Posteriormente, mediante una comparecencia especial, el Tribunal de Apelaciones nos informó de sus gestiones para resolver el caso con premura y solicitó tiempo adicional.

 Certiorari, pág. 8.

 R. Hernández Colón, Derecho procesal civil, 5ta ed., San Juan, LexisNexis de Puerto Rico, 2010, See. 5553, pág. 499.

 Vaillant v. Santander, 147 DPR 338, 350-351 (1998).

 Pérez, Ex parte v. Depto. de la Familia, 147 DPR 556, 570 (1999).

 íd.

 Vaillant v. Santander, supra, pág. 351.

 4 LPRA Ap. XXII-B.

 A diferencia de esa disposición, el Reglamento del Tribunal Supremo reconoce la facultad de retener el mandato. Ver Regla 45 del Reglamento del Tribunal Supremo, 4 LPRAAp. XXI-B.

 Hernández Colón, op. cit., Sec. 4106, pág. 378.

 íd., pág. 379.

 32 LPRA Ap. V, R. 52.2.

 32 LPRA Ap. V, R. 52.3.

 4 LPRA XXII-B, R. 18.

 La Regla 18 de Reglamento del Tribunal de Apelaciones recoge lo dispuesto por la Regla 52.3 de Procedimiento Civil, supra.

 Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228 (2014); Misión Ind. P.R. v. J.P., 146 DPR 64, 197 (1998), opinión de conformidad del Juez Asociado Señor Hernández Denton.

 Misión Ind. P.R. v. J.P., supra, pág. 197.