Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARC ANDRE CHIFFERT<br><br>Recurrido<br><br>v.<br><br>DIANA LYNN ANGLADA JACKS<br><br>Peticionaria | TA2025CE00330 | *Procedente del Tribunal de Primera Instancia de Sala Superior de San Juan*<br><br>Sobre:<br>COBRO DE DINERO<br><br>Caso núm.:<br>SJ2025CV04193 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y el Juez Robles Adorno.[1]

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

El 21 de agosto de 2025, la señora Diana Lynn Anglada Jacks (la señora Anglada Jacks o peticionaria) presentó un recurso de *Certiorari* en el que solicitó que revoquemos la *Orden* emitida y notificada el 22 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario).[2] En el aludido dictamen, el TPI resolvió que no procedía imponerle al señor Marc Andre Chiffert (el señor Chiffert o recurrido) el pago de una fianza de no residente, solicitada por la peticionaria.

De umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr

---

[1] Véase OATA-2025-170 del 3 de septiembre de 2025 en la que se designa al Juez Robles Adorno en sustitución de la Juez Santiago Calderón.
[2] Apéndice del recurso de *Certiorari,* Anejo 1.

su más justo y eficiente despacho. Dada las particularidades del caso procederemos a resolver el recurso ante nos.

**I.**

El caso tiene su inicio el 16 de mayo de 2025, cuando el recurrido instó una *Demanda* en la que indicó que otorgó una *Escritura de Compraventa y Designación de Hogar Seguro* en favor de la señora Anglada Jacks.[3] En dicho contrato, la señora Anglada Jacks acordó cumplir con veinte (20) pagos trimestrales por la suma de $8,750.00, más intereses, en un periodo de cinco (5) años en aras de adquirir el cincuenta por ciento (50%) de la titularidad del inmueble. Asimismo, quedó constituido que, de la peticionaria incumplir con algún pago en la fecha pactada, el señor Chiffert podía exigir el monto del pago adeudado y, resolver el contrato de compraventa. Ante ello, en la *Demanda,* arguyó que la peticionaria incumplió con varios pagos trimestrales.

Por otro lado, sostuvo que, en la mencionada escritura, las partes acordaron formar una comunidad de bienes entre ambos. El recurrido arguyó que, acordó con la peticionaria destinar el inmueble para el negocio de arrendamiento. Sin embargo, el recurrido argumentó que, la señora Anglada Jacks alteró el destino del inmueble sin el consentimiento de este. Por tanto, solicitó ante el TPI la resolución del contrato de compraventa, la suma de los pagos adeudados y la adjudicación de la titularidad del inmueble.

Así las cosas, el 21 de julio de 2025, la señora Anglada Jacks radicó una *Moción al amparo de la Regla 69.5 (Fianza No Residente)* en la que adujo que el recurrido no residía en Puerto Rico y, por tanto, debía prestar una fianza de no residente por una suma no menor de $10,000.00 conforme la Regla 69.3 de Procedimiento Civil,

---

[3] *Íd.*, Anejo 2.

32 LPRA, Ap. V, R. 69.3.[4] Ello, en virtud de que el 30 de enero de 2025, el señor Chiffert admitió en una Declaración Jurada que residía en Nueva York, a consecuencia de una Orden de Protección concedida en favor de la peticionaria a partir del 5 de mayo de 2025 hasta el 5 de septiembre de 2025.

El 22 de julio de 2025, el recurrido incoó una *Oposición a moción al amparo de la Regla 69.5 (Fianza No Residente) presentada por la parte demandada y solicitud de anotación de rebeldía* en la que planteó que no procede la imposición de la fianza de no residente dado que la Regla 69.5 (c) de Procedimiento Civil, *supra*, R. 69.5(c) dispensa a un comunero que inste un pleito para la disolución de la comunidad de bienes y, resida fuera de Puerto Rico.[5] Así pues, alegó que no le es de aplicación la fianza de no residente al recurrido toda vez que este presentó una causa de acción para la adjudicación del inmueble perteneciente a la comunidad de bienes. Además, aseveró que el foro primario debía anotarle rebeldía a la peticionaria puesto que no presentó una alegación responsiva dentro del término establecido en las Reglas de Procedimiento Civil, *supra*.

Ante este cuadro, el 22 de julio de 2025, el TPI emitió una *Orden* en la que declaró No Ha Lugar la solicitud de imposición de fianza no residente por parte de la peticionaria.

Inconforme, la señora Anglada Sacks comparece ante nos y formuló los siguientes señalamientos de error:

Primer error: Erró el TPI al declarar No Ha Lugar la solicitud de la parte demandada para imponer la fianza de no residente.

Segundo error: Erró el TPI al no recibir prueba sobre el domicilio del demandante.

---

[4] *Íd.*, Anejo 3.
[5] *Íd.*, Anejo 4.

De conformidad con la Regla 7 (B) (5) de nuestro Reglamento, *supra*, procederemos a disponer del recurso de epígrafe.

## II.

## A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera

sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla __ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario. *Torres Martínez v. Torres Ghigliotty, supra,* pág. 97.

**B.**

La Regla 69.5 (c) de Procedimiento Civil, *supra*, R. 69.5 (c), establece que, una parte que inste un pleito y resida fuera de Puerto

Rico o sea una corporación extranjera, debe prestar una fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada. La citada regla dispone que, la fianza no será menor de mil dólares ($1,000) y los procedimientos serán suspendidos hasta que se preste la fianza. *VS, PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 263-264 (2021). Ahora bien, "transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito". Regla 69.5 (c) de Procedimiento Civil, supra, R. 69.5 (c). La Regla 69.5 de Procedimiento Civil, *supra*, R. 69.5, tiene como finalidad garantizar el pago de las costas, gastos y honorarios de abogados en aquellos casos en que el demandante no reside en Puerto Rico. *Vaillant Valenciano v. Santander*, 147 DPR 338, 345 (1998). Empero, no se exigirá la prestación de la fianza a una parte reclamante que no resida en Puerto Rico en las siguientes circunstancias:

> (a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
>
> (b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o
>
> (c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

Además, las excepciones jurisprudenciales adoptadas son las siguientes: (1) litigantes *in forma pauperis*; (2) copropietarios en un pleito que involucre una propiedad sita en Puerto Rico cuando al menos uno de los copropietarios reclamantes reside en Puerto Rico, y (3) comuneros que buscan la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico. *VS, PR, LLC v. Drift-Wind, Inc., supra*, pág. 263.

**III.**

En el caso de marras, la peticionaria adujo que el TPI erró en no imponer la fianza de no residente al señor Chiffert toda vez que el recurrido reside fuera de Puerto Rico. Además, argumentó que, el foro primario no comprobó el lugar de residencia del recurrido para poder determinar que no le era de aplicación la imposición de la fianza de no residente.

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario.

Tras un análisis sigiloso sobre los planteamientos que la peticionaria presentó ante esta Curia, concluimos que el TPI no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la *Moción al amparo de la Regla 69.5 (Fianza No Residente)* instada por la peticionaria que amerite nuestra intervención. El TPI cumplió con la normativa vigente, relacionada a las excepciones sobre la imposición de la fianza no residente. Ello, dado que el pleito fue instado por un **comunero** que desea adjudicar la titularidad del inmueble sito en Puerto Rico conforme la Regla 69.5 (c) de Procedimiento Civil, *supra*, R. 69.5 (c). A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones