*718 TEXTO COMPLETO DE LA SENTENCIA
Nuevamente ante nos, acude la parte peticionaria, Restaurant Flor de Mayo, Inc., (peticionario), en ánimo de solicitar la expedición del recurso de certiorari de epígrafe y la consecuente revocación de la resolución emitida por el Tribunal de Instancia,.Sala Superior de Bayamón, (TPI) de 7 de diciembre de 2005. La misma tuvo el efecto de declarar ha lugar la solicitud de relevo de sentencia incoada el 4 de mayo de 2005 por la parte recurrida, Jian Chang Wu h/n/c Restaurant Wah Lung, (recurrido).
Por los fundamentos que habremos de exponer a continuación, expedimos el auto de certiorari solicitado y confirmamos la resolución recurrida. En consecuencia, se devuelve el caso al TPI para que señale la celebración de la vista de segunda comparecencia, no sin antes dejar consignado que, por ser un proceso de desahucio el mismo debe atenderse diligente y rápidamente. Por lo que ordenamos la celebración de la misma dentro de un término de 15 días a ser contados a partir de la notificación del mandato.
I
El 8 de junio de 2004, Restaurant Flor de Mayo, Inc. presentó una acción de desahucio en el Tribunal de Primera Instancia, Sala de Bayamón, contra Jian Chang Wu h/n/c Restaurant Wah Lung. Flor de Mayo alegó que era dueña de una propiedad ubicada en la Urbanización Levittown Lakes, la cual describió específicamente, y que el demandado la estaba ocupando en precario por no existir contrato alguno entre las partes y no estar pagando cánones por su ocupación. El tribunal señaló la primera comparecencia para el 30 de junio de 2004.
El 25 de junio de 2004, el recurrido Chang Wu solicitó prórroga para contestar la demanda, pero aprovechó para informar que existía un pleito civil ordinario mediante el cual Chang Wu le estaba reclamando a Flor de Mayo y al anterior dueño del local, Guisan Development Corporation, el cumplimiento específico del contrato de arrendamiento por 15 años que había pactado con Guisan Development. En esa demanda se alegó específicamente que Flor de Mayo operaba un restaurante de comida china justo al lado del Restaurant Wah Lung, por lo que su propósito era eliminar la competencia del recurrido Chang Wu. También informó que estaba consignando mensualmente en ese otro pleito los cánones de arrendamiento que iban venciendo.
Ese mismo 25 de junio de 2004, Chang Wu solicitó la desestimación de la demanda basándose en el contrato de arrendamiento entre él y la anterior dueña del local, Guisan Development, copia del cual incluyó. Adujo que como parte de las negociaciones de la compraventa entre la parte peticionaria Flor de Mayo y la anterior dueña del local, Guisan Development, éstos acordaron que Flor de Mayo honraría el contrato de arrendamiento por 15 años otorgado por Chang Wu y la anterior dueña; que Flor de Mayo aceptó honrar el *719 contrato de arrendamiento y luego lo negó, todo con el propósito de eliminarlo como competidor. Por ende, afirmó que existía un conflicto de títulos y, por lo tanto, no procedía el desahucio; y que Flor de Mayo estaba impedida de ir contra sus propios actos.
El 30 de junio de 2004, en la primera comparecencia, el tribunal denegó por improcedente la moción de desestimación del recurrido Chang Wu. Por otro lado, las partes hicieron constar la existencia de la acción civil ordinaria y que Flor de Mayo había sido emplazada el 14 de junio de 2004. Ante esto, él tribunal recesó y dispuso que resolvería por escrito.
En efecto, el 21 de julio de 2004, el Tribunal de Primera Instancia dictó sentencia mediante la cual resolvió que, habiendo examinado el expediente de la acción civil ordinaria entre las mismas partes -el D AC2004-1338, tramitándose en otro salón de sesiones-, procedía desestimar la demanda, sin perjuicio de que, en caso de que Flor de Mayo prevaleciera en aquella acción, promoviera entonces la acción de desahucio.
Inconforme con ese dictamen, el 1 de septiembre de 2004, Flor de Mayo acudió por vez primera ante nos. Adujo en su escrito de apelación que el TPI incidió al desestimar la petición de desahucio basándose en que estaba tramitándose colateralmente una acción civil ordinaria.
El 25 de octubre de 2004, emitimos Sentencia y revocamos el dictamen entonces apelado. Mediante nuestra determinación, dejamos consignado que:
“[E]l [TPI] cometió el error imputado [incidió dicho foro al desestimar la petición de desahucio basándose en que estaba tramitándose colateralmente una acción civil ordinaria], pues el dueño de un inmueble que tiene disponible la acción especial sumaria de desahucio y la escoge como vía procesal para recobrar la posesión de su inmueble, no tiene porqué someterse al procedimiento ordinario para dilucidar la validez del arrendamiento sobre el cual el demandado basa su derecho a la posesión. Lo procedente es que el [TPI] señale prontamente una vista de la segunda comparecencia, i.e., el juicio sumario de desahucio(Énfasis en el original).
Véase, índice del Apéndice, Sentencia, a las págs. 69-70.
En cumplimiento con lo anterior, el TPI señaló la mencionada vista para el 10 de febrero de 2005, no sin antes dejar consignado que del expediente ante su consideración no se desprendía evidencia de notificación de reconsideración sobre la sentencia dictada por este Foro.
A esos efectos, el 12 de enero de 2005, la parte aquí peticionaria presentó ante el tribunal de instancia una moción para reiterar su solicitud de señalamiento. En la misma, la parte peticionaria incluyó copia de nuestro dictamen de 30 de noviembre de 2004, donde declaramos no ha lugar la solicitud de reconsideración instada por la parte recurrida. Oportunamente, este último presentó su oposición a la solicitud de referencia bajo el argumento de falta de jurisdicción del TPI para pautar la vista ordenada, la cual fue declarada no ha lugar por el foro aquí recurrido. Expresó el foro recurrido que en ausencia de un mandato nuestro a los efectos de paralizar los procesos por ventilar ante sí, se debía continuar con los mismos. En consecuencia, el TPI pautó vista para el 10 de febrero de 2005. Sin embargo, según surge de los documentos que obran en autos, la vista fue celebrada el 28 de enero de 2005.
Desfilada la prueba, el 4 de abril de 2005, el TPI dictó sentencia mediante la cual concluyó que la parte peticionaria no estaba obligada por el contrato de arrendamiento en controversia. Al determinar que dicha parte era titular de la propiedad, tenía derecho a que se le devolviese la misma. Por ello, el foro recurrido declaró con lugar la acción de desahucio y ordenó a la parte aquí recurrida a desocupar la misma, no sin antes disponer sobre los trámites de rigor si la parte intimada no desalojase la propiedad objeto del desahucio. Además, se le *720 impuso a la parte recurrida el pago de las costas y la suma de $3,000 en honorarios de abogado.
De dicha sentencia, apeló el recurrido mediante el recurso KLAN-2005-00766, presentado el 29 de junio de 2005. El 26 de agosto de 2005, otro panel de jueces del TA desestimó el recurso, por no haberse prestado la fianza requerida por ley. Inconforme con la desestimación decretada, los peticionarios acudieron ante el Tribunal Supremo mediante auto de certiorari. El 22 de abril de 2005, dicho foro dictó resolución la cual declaró no ha lugar el auto de certiorari presentado ante su consideración.
El 9 de mayo de 2005, el recurrido Chan Wu instó una solicitud de reconsideración ante el Tribunal Supremo, a la que se opuso la parte hoy peticionaria. No obstante, el Alto Foro no acogió los planteamientos señalados y procedió a dictar resolución el 27 de mayo de 2005, donde declaró no ha lugar la reconsideración aludida.
Mientras se mantenía el trámite apelativo de referencia, la parte recurrida presentó ante el TPI una solicitud de determinaciones de hechos y conclusiones de derecho adicionales y reconsideración con fecha de 12 de mayo de 2005, a la cual se opuso la peticionaria. El 26 de mayo de 2005, el TPI declaró no ha lugar la misma.
El 26 de agosto de 2005, dictamos Sentencia desestimando el recurso por falta de jurisdicción. A la moción de reconsideración, declaramos no ha lugar en todos sus extremos.
El 18 de octubre de 2005, la parte recurrida instó ante el TPI una solicitud de relevo de la sentencia emitida el 4 de abril de 2005 y notificada el 5 de mayo de 2005, al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. HI, solicitud que dio motivo al recurso que hoy nos ocupa. En síntesis, según refirió la mencionada solicitud, en el presente pleito había sido dictada una sentencia de 21 de julio de 2004, la cual tuvo el efecto de desestimar la causa de acción que originó el presente recurso sobre desahucio en precario. En respuesta a ello, continuó su relato el recurrido; el 1 de septiembre de 2004, la parte peticionaria presentó un recurso de apelación ante el entonces Tribunal de Circuito de Apelaciones, según dejamos consignado anteriormente. En ese momento particular, conforme relató la parte peticionaria en la solicitud de referencia, quedó paralizado el pleito ante el TPI, a la luz de lo dispuesto en la Regla 18 del entonces Reglamento [Transitorio] del Tribunal de Apelaciones. 2004 JTS 112. A tono con su apreciación, los procesos ante el TPI estuvieron suspendidos hasta que el Tribunal Supremo tomó una determinación final, y el Tribunal de Apelaciones emitió su mandato de 9 de junio de 2005. Conforme su discurso, la sentencia dictada por el TPI el 4 de abril de 2005 no tiene validez por cuanto aún no se había recibido el mandato de esta Curia, según emitido mediante nuestra sentencia antes reseñada.
En atención a lo anterior, y tras el curso de varios trámites procesales, los cuales incluyeron la presentación por parte de Chang Wu de un auto de certiorari ante el Tribunal Supremo, el 7 de diciembre de 2005, el TPI dictó la sentencia que nos ocupa. En la misma, el foro de instancia avaló la postura de la parte recurrida y declaró ha lugar la solicitud de relevo de sentencia presentada.
Inconforme con la determinación del tribunal de instancia, la parte peticionaria acude ante nos, y nos advierte la comisión por parte de dicho foro del siguiente error:

“Erró el [TPI] al ordenar el relevo de la Sentencia dictada el día 4 de abril de 2005”

Sobre dicho particular, el 19 de enero de 2006, la parte recurrida compareció ante este Tribunal mediante escrito intitulado Moción de Prórroga para Oponerse a Certiorari...de treinta días a la cual la parte peticionaria se opuso. En este punto, resulta meritorio resaltar que la oposición incoada por Restaurant Flor de Mayo descansó sobre la naturaleza del pleito, es decir, por tratarse de un proceso de desahucio, el mismo debía dilucidarse prontamente. “Ciertamente, lo que pretende la parte [recurrida] es continuar detentando la *721 propiedad perteneciente a la [peticionaria] explotándola para su beneficio económico, tal y como ha estado haciendo hasta el presente.” [Énfasis omitido.] Véase, Oposición a Moción, a lapág. 1. 
Pendiente el recurso de epígrafe ante nos, el 10 de febrero de 2006, mediante Resolución emitida por el Tribunal Supremo, atendido el escrito de Certiorari presentado por el recurrido Chang Wu, se proveyó no ha lugar.
Evaluado el expediente en su totalidad, sin el beneficio de la comparecencia de la parte recurrida y a la luz del derecho aplicable vigente, expedimos el auto de certiorari solicitado, y confirmamos el dictamen recurrido. Exponemos los fundamentos a continuación.
II
La Regla 53.9 de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. Ill, R. 53.9(a), establece lo siguiente:
“(a) Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de la misma de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión envuelta en el mismo no comprendida en la apelación. ... ”.
Por su parte, la 18(A) del Reglamento del Tribunal de Apelaciones, 2004 JTS 112, establece a su vez que:

“(1) Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de la misma, de la cual se apela o a las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión implicada en el mismo no comprendida en la apelación. ”

Los citados preceptos procesales establecen los efectos de la presentación del escrito de apelación sobre los procedimientos ante el TPI. La regla general es que con la presentación del escrito de apelación se suspenden automáticamente todos los procedimientos ante el foro de instancia, relacionados con la sentencia o de la parte de ella de la cual se ha apelado. El foro apelado podrá, sin embargo, proseguir con el pleito en cuanto a cualquier cuestión implicada en el mismo, no comprendida en la apelación.
De otra parte, el mandato es la notificación oficial que le remite el tribunal apelativo al tribunal inferior para que se ejecute la sentencia dictada en apelación. Es el medio oficial del que se vale el tribunal de apelación para comunicarle al tribunal apelado la disposición que se ha hecho de la sentencia objeto de revisión y de ordenarle el cumplimiento con los términos de la actuación del foro de superior jerarquía. Vaillant Valenciano v. Santander Mortgage, 147 D.P.R. 338 (1998); Pueblo v. Tribunal Superior, 97 D.P.R. 241, 247 (1969).
La remisión del mandato, luego de dictada la sentencia, tiene el efecto de ponerle punto final a los procedimientos del caso en revisión, removiéndolo de la jurisdicción del tribunal apelativo y devolviéndolo al foro de origen para que continúe con los procedimientos. Vaillant Valenciano v. Santander Mortgage, 147 D.P.R., a la pág. 411.
Cuando se ha instado un recurso de apelación, se ha expedido un auto de Certiorari, o se ha dictado una orden de paralización de los procedimientos, el caso permanecerá bajo la jurisdicción del tribunal apelativo hasta tanto el mandato no haya sido emitido por la secretaría, luego de dictada la sentencia correspondiente. Por consiguiente, el foro recurrido se encuentra impedido para actuar sobre aquellas controversias contenidas en el *722 recurso de apelación y, en consecuencia, cualquier determinación adelantada por el foro inferior antes de recibir el mandato es nula por carecer de jurisdicción sobre la materia. Vaillant Valenciano v. Santander Mortgage, 147 D.P.R., a la pág. 411.
Examinada la norma vigente, apliquemos la misma la controversia posada ante nos.
III
Según consignado en la exposición que precede, en el presente caso, el TPI dictó una sentencia el 21 de julio de 2004, la cual tuvo el efecto de desestimar la causa de acción que originó el presente recurso sobre desahucio en precario. Inconforme con dicho dictamen, el 1 de septiembre de 2004, la parte peticionaria presentó un recurso de apelación ante este Claustro, conforme lo antes consignado. Coincidimos con Chan Wu que, en virtud de la Regla 53.9 de las de Procedimiento Civil antes citada, y la Regla 18 de nuestro Reglamento, supra, quedó paralizado todo procedimiento pendiente ante el TPI. Más aún, los procesos ante el TPI estuvieron suspendidos hasta que el Tribunal Supremo tomó su determinación final.
No obstante, el TPI hizo caso omiso al ordenamiento jurídico expreso que obliga a la paralización de los procedimientos ante la presentación de una apelación en un foro de mayor jerarquía. Por tanto, el 22 de diciembre de 2004, el foro de instancia pautó vista de segunda comparecencia para el 10 de febrero de 2005. Esta orden fue notificada el 13 de enero de 2005.
Ese mismo día de notificada la orden aludida, la parte recurrida se opuso a la solicitud de señalamiento de vista incoada por los peticionarios y reiteró su fundamento de falta de jurisdicción. Nuevamente, el foro recurrido no avaló la corrección del argumento planteado por el demandado Chan Wu y dejó vigente su orden. La vista se celebró el 28 de enero de 2005 y la sentencia fue emitida el 4 de abril de 2005.
La sentencia dictada por el TPI el 4 de abril de 2005 no tiene validez por cuanto aún no se había recibido el mandato de esta Curia, finalmente emitido el 9 de junio de 2005, el cual devolvió el caso al TPI para la continuación de los procedimientos.
Siendo ello así, actuó correctamente el TPI al declarar nula la sentencia en controversia por haber sido dictada por un foro que carecía de jurisdicción para así actuar.
A modo final, resulta ineludible pronunciar de manera enfática lo siguiente. Sabido es que los procesos de desahucio, de naturaleza sumaria, llevan entrañado el ineludible deber para los tribunales que los mismos se diluciden de manera expedita, con entera prontitud. También es harto conocido que los procesos incoados ante los foros judiciales no tiene vida eterna, en aras de la economía procesal que nos dicta la Regla 1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 1; Dávila v. Hospital San Miguel, Inc., 117 D.P.R. 807, 816 (1986). Este proceso, de índole sumaria, donde la solución de los conflictos debe ser una expedita, se dilucida ante nuestros tribunales desde el 8 de junio de 2004. Dos años y casi seis meses después, todavía tenemos un conflicto vivo de ocupación de una propiedad en contra de la voluntad de otra.
Esperamos, sin más, que se tome nota de este particular extremo para que el foro de instancia asista debidamente a los participantes del presente proceso en adscribirse a los términos y propuestas, según lo aquí intimado, para la rápida y adecuada disposición de la controversia, de suerte que redunde en beneficio de todas las partes de epígrafe.
IV
Por los fundamentos antes expuestos, se expide el auto de certiorari solicitado y se confirma la resolución recurrida. El TPI deberá señalar la segunda comparecencia dentro de los 15 días siguientes a aqu’el en que reciba el mandato en este caso.
*723 Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
El Juez Rodríguez Muñiz concurre con opinión escrita.
Mildred I. Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
ESCOLIO 2007 DTA 12
1. Aún efectuada la solicitud de prórroga, cabe puntualizar que han transcurrido más de diez meses sin que la parte recurrida haya sometido oposición alguna al recurso. De ese modo, y haciendo eco al planteamiento antes citado, según fuera formulado por el peticionario, no podemos pasar por alto el indiscutible hecho que dicha dilación opera a favor de la parte recurrida, ya que atrasa la posibilidad de que se dicte un desahucio en su contra.