Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BENJAMIN J. BLAD, KEVIN GAN y la Sociedad Legal de Gananciales compuesta por ambos<br><br>Apelada<br><br>v.<br><br>CARLA ELENA COLETTI<br><br>Apelante | KLAN202500474 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Incumplimiento de Contrato de Arrendamiento, Daños Contractuales y Daños Extracontractuales<br><br>Caso Núm. SJ2023CV09320 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de agosto de 2025.

Comparece ante nos la parte apelante, Carla Elena Coletti (en adelante, parte apelante o Coletti), y nos solicita la revisión de la *Sentencia* emitida el 24 de abril de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de San Juan. En la misma, el Foro Primario declaró *Con Lugar* la demanda en contra de la parte apelante.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada.

**I**

El 2 de octubre de 2023, Benjamin J. Blad, Kevin Gan, y la Sociedad Legal de Gananciales compuesta por ambos (en adelante y en conjunto, parte apelada), presentaron una demanda contra la señora Coletti por incumplimiento de contrato de arrendamiento.[1] En resumen, estos alegaron que la parte apelante se negó a darle el mantenimiento apropiado a la propiedad arrendada, lo cual causó

---
[1] SUMAC-TPI, Entrada Núm. 1.

Número Identificador
SEN2025 _____

problemas en el sistema de aire acondicionado y ocasionó el desarrollo de hongo en la misma.

Posterior a que se expidieran los emplazamientos por edicto, el 28 de noviembre de 2023, la parte apelada solicitó que se le anotara la rebeldía a la señora Coletti, por esta no haber comparecido dentro del término correspondiente.[2] Luego de examinada la solicitud, el 3 de enero de 2024, el Foro Primario declaró *Ha Lugar* a la referida petición y le anotó la rebeldía a la parte apelante.[3]

Posteriormente, el 6 de junio de 2024, la parte apelante presentó una *Moción en Solicitud de Levantamiento de Rebeldía*, junto a la cual incluyó su contestación a la demanda.[4] En su escrito, alegó que, desde su primera comparecencia, se había estado defendiendo vigorosamente y que tenía una buena defensa en sus méritos. Sin embargo, tras oponerse la parte apelada, el 1 de julio de 2024, el Foro Primario declaró *No Ha Lugar* la petición de la señora Coletti.[5]

Insatisfecha, el 15 de julio de 2024, la parte apelante presentó un recurso de *Certiorari* ante nos, en el caso núm. KLCE202400785, mediante el cual impugnó la denegatoria del Tribunal de Primera Instancia de dejar sin efecto la referida anotación de rebeldía. Mientras el caso se encontraba ante nuestra consideración, el Foro Primario celebró el juicio en rebeldía.

El 20 de noviembre de 2024, emitimos una *Sentencia*, mediante la cual revocamos la determinación del Tribunal de Primera Instancia y dejamos sin efecto la anotación de rebeldía impuesta a la parte apelante. En resumen, concluimos que la señora Coletti logró demostrar que se había defendido con

---

[2] *Íd.,* Entrada, Núm. 5.
[3] *Íd.,* Entrada Núm. 6.
[4] *Íd.,* Entrada Núm. 24.
[5] *Íd.,* Entrada Núm. 30.

vigorosidad en el presente caso, así como que merecía tener su día en corte para presentar su prueba.

Inconforme con nuestra determinación, la parte apelada acudió ante el Tribunal Supremo en un recurso de *Certiorari,* en el caso núm. AC-2025-0002. No obstante, mediante *Resolución* del 7 de febrero de 2025, nuestro Máximo Foro se negó a expedir el mismo. El **7 de marzo de 2025** este Foro notificó el mandato correspondiente al Tribunal de Primera Instancia.

A pesar de nuestro claro mandato, el **24 de abril de 2025**, el Foro Primario emitió la *Sentencia* en rebeldía que aquí revisamos.[6] Aun cuando el Foro *a quo* reconoció que este Tribunal de Apelaciones había dejado sin efecto la anotación de rebeldía de la parte apelante, adujo que, al recibir el mandato de este Foro, el juicio había culminado. Así, concluyó que nuestra determinación se tornó académica, y dictó la referida *Sentencia* sin levantar la rebeldía de la parte apelante, condenando a la señora Coletti al pago de la suma de sesenta y cuatro mil doscientos cincuenta dólares ($64,250.00) por concepto de la totalidad de las reclamaciones.

Inconforme, el 27 de mayo de 2025, la parte apelante acudió ante nos mediante el recurso de epígrafe, y señaló la comisión del siguiente error:

> Erró el Honorable Tribunal de Instancia al dar caso omiso al mandato final y firme del Tribunal de Apelaciones, no levantar la rebeldía como ordenado y emitir sentencia no conforme a lo ordenado por esta Superioridad.

Por su parte, el 22 de julio de 2025, la parte apelada presentó su oposición al recurso de epígrafe. Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

---

[6]Apéndice del recurso, págs. 23-34.

## II

Con relación a los efectos de la presentación de un recurso de *Certiorari* ante este Foro, la Regla 35 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 58-59, 215 DPR ___ (2025), dispone lo siguiente:

(A) En casos civiles
(1) La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. **La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones disponga lo contrario.**
[…]

(Énfasis nuestro).

De igual forma, la Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.3, establece que, al expedir un recurso de *Certiorari*, los procedimientos ante el foro recurrido se suspenderán, y el Tribunal de Primera Instancia perderá jurisdicción sobre el asunto impugnado. *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 1003 (2015). En específico, la referida regla preceptúa lo siguiente:

[…]

(b) La presentación de una solicitud de certiorari no suspenderá los procedimientos ante el tribunal recurrido, salvo orden en contrario, expedida a iniciativa propia o a solicitud de parte por el tribunal de apelación. La expedición del auto de certiorari suspenderá los procedimientos en el tribunal recurrido, salvo que el Tribunal de Apelaciones disponga lo contrario.

[…]

32 LPRA Ap. V, R. 52.3.

Ahora bien, para devolver el asunto revisado al foro recurrido, es indispensable que se remita el mandato correspondiente. Respecto a ello, la Regla 84 (E) del Reglamento del Tribunal de

Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 117-118, 215 DPR ___ (2025), dispone:

> [...]
>
> (E) La Secretaria o el Secretario enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando este haya sido elevado. Esto ocurrirá: (i) una vez transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, o (ii) en cualquier momento anterior a dicha fecha, o a la fecha en que advenga final y firme la decisión, cuando, a iniciativa propia o a solicitud de parte, así lo ordene el Tribunal de Apelaciones por causa justificada.

El *mandato* constituye el "medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle a actuar de conformidad con la misma". *Colón y otros v. Frito Lays,* 186 DPR 135, 151 (2012); *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 301 (2012). Por lo cual, se ha establecido que el propósito principal de un mandato es lograr que el Tribunal de Primera Instancia actúe de manera consistente con la determinación del foro apelativo. *Mejías et al. v. Carrasquillo et al.,* supra, pág. 301. Igualmente, la remisión del mandato tiene el efecto de ponerle "punto final" a la controversia ante este Tribunal de Apelaciones, y, por consiguiente, este retira el asunto de la jurisdicción del foro revisor, devolviéndolo al Foro de Instancia para que continúe con los trámites correspondientes. *Vaillant v. Santander*, 147 DPR 338, 350-351 (1998).

Una vez el tribunal revisor se pronuncia en torno a una controversia sometida al ejercicio de sus funciones, y el dictamen correspondiente adviene a ser final y firme, se enviará el mandato pertinente al tribunal recurrido. "Es en ese momento que el recurso que estaba ante la consideración del foro revisor concluye para todos los fines legales, por lo que se entiende que no es hasta entonces

que éste pierde jurisdicción en lo concerniente al asunto". *Colón y otros v. Frito Lays,* supra, pág. 153.

La remisión de un mandato al Foro Primario incide directamente en sus facultades jurisdiccionales en cuanto a la controversia devuelta a su consideración. Ello así, puesto que un tribunal sujeto a revisión no está facultado para continuar con los procedimientos y ejecutar los dictámenes de la sentencia emitida en alzada, hasta tanto no reciba la aludida notificación. Una vez paralizados los procedimientos en el tribunal de origen, este pierde su autoridad para atender las controversias planteadas en alzada, y no vuelve a ostentar jurisdicción sobre las mismas hasta tanto el tribunal intermedio le remite el correspondiente mandato. *Colón y otros v. Frito Lays,* supra, pág. 154. "Lo anterior tiene el efecto ineludible de que toda actuación realizada por el foro revisado, luego de que los asuntos han quedado paralizados y previo a recibir el mandato, será completamente nula". *Íd.,* pág. 154.

Por tanto, al recibir el mismo, **el Foro *a quo* readquiere jurisdicción a los fines de ejecutar la sentencia conforme a lo ordenado por este Tribunal de Apelaciones.** (Énfasis suplido). *Mejías et al. v. Carrasquillo et al.,* supra, pág. 301. De igual forma, el foro primario debe limitarse a cumplir con lo dispuesto por el foro apelativo, ya que esto constituye la ley del caso entre las partes. *Rosso Descartes v. BGF,* 187 DPR 184, 192 (2012) (Sentencia); *Pueblo v. Tribunal de Distrito,* 97 DPR 241, 246 (1969).

### III

En el caso ante nos, la parte apelante alegó que el Tribunal de Primera Instancia incidió al emitir la *Sentencia* apelada en rebeldía, luego de haber recibido el mandato de este Tribunal de Apelaciones que ordenaba que se dejara sin efecto la anotación de rebeldía impuesta a la señora Coletti. Tras evaluar el expediente que obra

en autos y la doctrina aplicable, nos vemos forzados a concluir que el Foro Primario cometió el error señalado.

Según esbozado en el resumen doctrinal, es norma reiterada que, una vez la determinación de este Tribunal de Apelaciones adviene final y firme, el mandato es notificado al foro recurrido. El mismo tiene el propósito de lograr que el Foro Primario actúe conforme a lo dispuesto por el Foro Apelativo. Por lo cual, al recibir el referido mandato, el Tribunal de Primera Instancia está obligado a actuar conforme a lo ordenado por esta Curia.

En el caso ante nos, surge del expediente que, el 20 de noviembre de 2024, emitimos una determinación, mediante la cual expedimos el recurso de *certiorari* y dejamos sin efecto la anotación de rebeldía impuesta a la señora Coletti[7]. Sin embargo, a pesar de conocer nuestra determinación desde noviembre de 2024, y haber recibido el mandato el 7 de marzo de 2025, previo a emitida la *Sentencia* apelada, el Tribunal de Primera Instancia mantuvo la rebeldía de la parte apelante. Al actuar de este modo, el Foro Primario, no solo actuó en claro incumplimiento con nuestro mandato, sino que también privó a la señora Coletti de tener su día en corte y presentar prueba a su favor, a tenor con lo dispuesto en nuestro dictamen anterior. Por tanto, nos vemos forzados a revocar el dictamen apelado.

**IV**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada y se ordena la celebración de un juicio, en el cual se le permita a la parte apelante exponer sus alegaciones y defensas.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. El Juez Pérez Ocasio *concurre* por la siguiente razón: aunque estuvimos en desacuerdo con la Sentencia

---

[7] Surge del expediente ante el Tribunal de Primera Instancia que fue registrada en SUMAC el 22 de noviembre de 2024, entrada número 55.

dictada por esta Curia el 20 de noviembre de 2024, reconocemos que el Tribunal de Primera Instancia debió cumplir con el *mandato* del 7 de marzo de 2025. *Colón y otros v. Frito Lays,* supra, pág. 154.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones